UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>Case No. 1:19-op-45775<br><br>*Ada County v. Purdue Pharma, et al.* | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND** |

Plaintiff Ada County, Idaho ("Plaintiff") submits this supplemental pleading and Amended Complaint incorporating as if fully set forth herein its own prior pleadings and, if indicated below, the common factual allegations identified and the RICO causes of action included in the Corrected Second Amended Complaint and Jury Demand in the case of *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.,* Case No. 1:18-op-45090 ("*Summit County* Pleadings"), *In Re National Prescription Opiate Litigation,* in the United States District Court for the Northern District of Ohio, Dkt #513, 514[1]), and as may be amended in the future, and any additional claims asserted herein. Plaintiff also hereby amends its complaint to alter the defendants against which claims are asserted as identified below. To the extent defendants were previously sued in Plaintiff's existing complaint and they are no longer identified as defendants herein, they have been dismissed without prejudice except as limited by CMO-1, Section 6(e). Dkt. #232.

---

[1] Docket #513 is the redacted Summit Second Amended Complaint and Docket #514 is the unredacted Summit Corrected Second Amended Complaint filed under seal in Case No. 1:17-md-02804-DAP. The redacted Summit Corrected Second Amended Complaint is also filed in its individual docket, Case No. 1:18-op-45090-DAP, Docket #24.

## INCORPORATION BY REFERENCE OF EXISTING COMPLAINT

1. Plaintiff's Existing Complaint (No. 1:19-cv-00216 (D. Idaho), Doc #1; No. 1:19-op-45775 (N.D. Ohio), Doc. #1) is expressly incorporated by reference to this Short Form as if fully set forth herein except to the extent that allegations regarding certain defendants that are not listed in section 2 below are dismissed without prejudice.

## PARTIES – DEFENDANTS

2. Having reviewed the relevant ARCOS data,[2] Plaintiff asserts claims against the following Defendants:

Richard S. Sackler;
Jonathan D. Sackler;
Mortimer D.A. Sackler;
Kathe A. Sackler;
Ilene Sackler Lefcourt;
Beverly Sackler;
Theresa Sackler;
David A. Sackler;
Trust for the Benefit of Members of the Raymond Sackler Family;
Rhodes Pharmaceuticals L.P.;
Rhodes Technologies Inc.;
Rhodes Pharmaceuticals Inc.;
Rhodes Technologies
Endo Health Solutions Inc.;
Endo Pharmaceuticals, Inc.;
Janssen Pharmaceuticals, Inc.;
Johnson & Johnson;
Teva Pharmaceuticals Industries, Ltd.;
Teva Pharmaceuticals USA, Inc.;
Cephalon, Inc.;
Allergan PLC f/k/a Actavis PLC;
Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.;
Watson Laboratories, Inc.;

---

[2] Pursuant to the Court's November 8, 2018 Order Regarding Plaintiff's Motion for Modification of CMO-1 (Dkt. 1106), the ARCOS data provided to Plaintiff reflects: "the names of all labelers (as identified by NDC code) who manufactured and/or labeled more than five percent (5%) of the market share of opioids distributed in the relevant county or county-equivalent in at least three of the nine years available in the ARCOS data" and "the name of each distributor who distributed more than five percent (5%) of the market share of opioids distributed in the relevant county or county-equivalent in at least three of the nine years available in the ARCOS data."

Actavis LLC;
Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.;
Mallinckrodt plc;
Mallinckrodt, LLC;
SpecGX LLC;
Cardinal Health, Inc.;
McKesson Corporation;
AmerisourceBergen Drug Corporation;
Par Pharmaceutical Companies, Inc.;
Par Pharmaceutical, Inc.;
Mylan Pharmaceuticals, Inc.;
West-Ward Pharmaceutical Corp.;
Hikma Pharmaceuticals PLC;
Amneal Pharmaceuticals, LLC;
Amneal Pharmaceuticals, Inc.;
Impax Generics;
Impax Laboratories, Inc.;
KVK-Tech, Inc.;
Sandoz, Inc.;
Indivior, Inc.;
Walgreens Boots Alliance Inc. a/k/a Walgreen Co;
Walmart, Inc.;
Thrifty Payless, Inc.;
Rite Aid Corporation;
Advantage Logistics;
Albertsons LLC; and
John and Jane Does 1 through 100, Inclusive.

**I, David J. Ko, Counsel for Plaintiff, certify that in identifying all Defendants, I have followed the procedure approved by the Court and reviewed the ARCOS data that I understand to be relevant to Plaintiff.**

**I further certify that, except as set forth below, each of the Defendants newly added herein appears in the ARCOS data I reviewed.**

**I understand that for each newly added Defendant not appearing in the ARCOS data I must set forth below factual allegations sufficient to state a claim against any such newly named Defendant that does not appear in the ARCOS data.**

**The following newly added Defendants *do not appear* in the ARCOS data I reviewed:**

3

**Dated:** <u>October 8, 2019</u>     **Signed:** <u>/s/ *David J. Ko*</u>

**Factual Allegations Regarding Individual Defendants**

2.1     Defendants include the entities identified below as well as their predecessors, successors, affiliates, subsidiaries, partnerships and divisions to the extent that they are engaged in the manufacture, promotion, distribution sale and/or dispensing of opioids.

**Par Pharmaceutical**

2.2     Defendant Par Pharmaceutical, Inc. is a New York corporation with its principal place of business located in Chestnut Ridge, New York. Par Pharmaceutical, Inc. is a wholly-owned subsidiary of Defendant Par Pharmaceutical Companies, Inc. and holds itself out as "an Endo International Company."

2.3     Defendant Par Pharmaceutical Companies, Inc. is a Delaware corporation with its principal place of business in Chestnut Ridge, New York.

2.4     Par Pharmaceutical, Inc. and Par Pharmaceutical Companies, Inc. are referred to collectively as "Par Pharmaceutical." Par Pharmaceutical is an affiliate of Defendants Endo Health Solutions Inc. and Endo Pharmaceuticals, Inc.

2.5     At all relevant times, Par Pharmaceutical has packaged, distributed, supplied, sold, placed into the stream of commerce, labeled, described, marketed, advertised, promoted and purported to warn or purported to inform prescribers and users regarding the benefits and risks associated with the use of the prescription opioid drugs. Further, Par Pharmaceutical manufactured and sold prescription opioids without fulfilling its legal duty to prevent diversion and report suspicious orders.

2.6     Based on the private ARCOS data made available to Plaintiff, drugs sold and manufactured by Par Pharmaceutical represent a substantial market share in Plaintiff's jurisdiction during the relevant time period.

2.7     Par Pharmaceutical's conduct thus directly caused the worst man-made epidemic in modern medical history—the misuse, abuse, and over-prescription of opioids across this country, including in this jurisdiction.

**Mylan Pharmaceuticals, Inc.**

2.8     Defendant Mylan Pharmaceuticals, Inc. ("Mylan"), is a West Virginia corporation with its principal place of business in Canonsburg, Pennsylvania.

2.9     At all relevant times, Mylan has packaged, distributed, supplied, sold, placed into the stream of commerce, labeled, described, marketed, advertised, promoted and purported to warn or purported to inform prescribers and users regarding the benefits and risks associated with the use of the prescription opioid drugs. Further, Mylan manufactured and sold prescription opioids without fulfilling its legal duty to prevent diversion and report suspicious orders.

2.10    Based on the private ARCOS data made available to Plaintiff, drugs sold and manufactured by Mylan represent a substantial market share in Plaintiff's jurisdiction during the relevant time period.

2.11    Mylan's conduct thus directly caused the worst man-made epidemic in modern medical history—the misuse, abuse, and over-prescription of opioids across this country, including in this jurisdiction.

**West-Ward Pharmaceuticals Corp.**

2.12    Defendant West-Ward Pharmaceuticals Corp. is a Delaware corporation with its principal place of business located in Eatontown, New Jersey. West-Ward Pharmaceuticals Corp.

5

is the United States agent and subsidiary of Defendant Hikma Pharmaceuticals PLC, a London-based global pharmaceutical company.

2.13 West-Ward Pharmaceuticals Corp.and Hikma Pharmaceuticals PLC are collectively referred to as "West-Ward."

2.14 At all relevant times, West-Ward has packaged, distributed, supplied, sold, placed into the stream of commerce, labeled, described, marketed, advertised, promoted and purported to warn or purported to inform prescribers and users regarding the benefits and risks associated with the use of the prescription opioid drugs. Further, West-Ward manufactured and sold prescription opioids without fulfilling its legal duty to prevent diversion and report suspicious orders.

2.15 Based on the private ARCOS data made available to Plaintiff, drugs sold and manufactured by West-Ward represent a substantial market share in Plaintiff's jurisdiction during the relevant time period.

2.16 West-Ward's conduct thus directly caused the worst man-made epidemic in modern medical history—the misuse, abuse, and over-prescription of opioids across this country, including in this jurisdiction.

**Amneal Pharmaceuticals**

2.17 Defendant, Amneal Pharmaceuticals, LLC, is a Delaware limited liability company with its principal place of business in Bridgewater, New Jersey.

2.18 Amneal Pharmaceuticals, Inc., is a Delaware corporation with its principal place of business in Bridgewater, New Jersey.

2.19 Amneal Pharmaceuticals, Inc. and Amneal Pharmaceuticals, LLC are collectively referred to as "Amneal."

2.20　At all relevant times, Amneal, and all related entities including but not limited to Defendant Impax Laboratories, Inc. and Defendant Impax Generics, has packaged, distributed, supplied, sold, placed into the stream of commerce, labeled, described, marketed, advertised, promoted and purported to warn or purported to inform prescribers and users regarding the benefits and risks associated with the use of the prescription opioid drugs. Further, Amneal manufactured and sold prescription opioids without fulfilling its legal duty to prevent diversion and report suspicious orders.

2.21　Based on the private ARCOS data made available to Plaintiff, drugs sold and manufactured by Amneal represent a substantial market share in Plaintiff's jurisdiction during the relevant time period.

2.22　Amneal's conduct thus directly caused the worst man-made epidemic in modern medical history—the misuse, abuse, and over-prescription of opioids across this country, including in this jurisdiction.

**KVK-Tech, Inc.**

2.23　Defendant, KVK Tech, Inc. ("KVK") is a Pennsylvania corporation with its principal place of business in Newton, Pennsylvania.

2.24　At all relevant times, KVK has packaged, distributed, supplied, sold, placed into the stream of commerce, labeled, described, marketed, advertised, promoted and purported to warn or purported to inform prescribers and users regarding the benefits and risks associated with the use of the prescription opioid drugs. Further, KVK manufactured and sold prescription opioids without fulfilling its legal duty to prevent diversion and report suspicious orders.

2.25    Based on the private ARCOS data made available to Plaintiff, drugs sold and manufactured by KVK represent a substantial market share in Plaintiff's jurisdiction during the relevant time period.

2.26    KVK's conduct thus directly caused the worst man-made epidemic in modern medical history—the misuse, abuse, and over-prescription of opioids across this country, including in this jurisdiction.

**Sandoz Inc.**

2.27    Defendant Sandoz, Inc. ("Sandoz USA") is a Colorado corporation with its principal place of business located in Princeton, New Jersey. Sandoz USA distributes the drugs that its parent, Sandoz Germany, develops and manufacturers. Sandoz USA and Sandoz Germany are both owned by Novartis International AG. Defendant Sandoz USA is defined to include its managers, officers, employees, and agents acting on its behalf.

2.28    At all relevant times, Sandoz has packaged, distributed, supplied, sold, placed into the stream of commerce, labeled, described, marketed, advertised, promoted and purported to warn or purported to inform prescribers and users regarding the benefits and risks associated with the use of the prescription opioid drugs. Further, Sandoz manufactured and sold prescription opioids without fulfilling its legal duty to prevent diversion and report suspicious orders.

2.29    Based on the private ARCOS data made available to Plaintiff, drugs sold and manufactured by Sandoz USA represent a substantial market share in Plaintiff's jurisdiction during the relevant time period.

2.30    Sandoz's conduct thus directly caused the worst man-made epidemic in modern medical history—the misuse, abuse, and over-prescription of opioids across this country, including in this jurisdiction.

**Indivior**

2.31    Defendant, Indivior, Inc. ("Indivior") is a Delaware domestic corporation with its principal place of business in Richmond, Virginia.

2.32    At all relevant times, Indivior has packaged, distributed, supplied, sold, placed into the stream of commerce, labeled, described, marketed, advertised, promoted and purported to warn or purported to inform prescribers and users regarding the benefits and risks associated with the use of the prescription opioid drugs. Further, Indivior manufactured and sold prescription opioids without fulfilling its legal duty to prevent diversion and report suspicious orders.

2.33    Based on the private ARCOS data made available to Plaintiff, drugs sold and manufactured by Indivior represent a substantial market share in Plaintiff's jurisdiction during the relevant time period.

2.34    Indivior's conduct thus directly caused the worst man-made epidemic in modern medical history—the misuse, abuse, and over-prescription of opioids across this country, including in this jurisdiction.

**Walgreens**

2.35    Defendant Walgreens Boots Alliance Inc. a/k/a Walgreen Co. ("Walgreens") is a Delaware corporation with its principal place of business in Illinois. Walgreens, through its various DEA registrant subsidiaries and affiliated entities, conducts business as a licensed wholesale distributor. At all times relevant to this Complaint, Walgreens distributed prescription opioids throughout the United States, including in Plaintiff's communities.

2.36 Based on the private ARCOS data made available to Plaintiff, drugs sold and distributed by Walgreens represent a substantial market share in Plaintiff's jurisdiction during the relevant time period.

2.37 Walgreens' conduct thus directly caused the worst man-made epidemic in modern medical history—the misuse, abuse, and over-prescription of opioids across this country, including in this jurisdiction.

**Walmart**

2.38 Defendant Walmart, Inc. is a Delaware corporation with its principal place of business in Arkansas. Walmart, through its various DEA registrant subsidiaries and affiliated entities, conducts business as a licensed wholesale distributor. At all times relevant to this Complaint, Walmart, Inc. distributed prescription opioids throughout the United States, including in Plaintiff's communities.

2.39 Based on the private ARCOS data made available to Plaintiff, drugs sold and distributed by Walmart, Inc. represent a substantial market share in Plaintiff's jurisdiction during the relevant time period.

2.40 Walmart, Inc.'s conduct thus directly caused the worst man-made epidemic in modern medical history—the misuse, abuse, and over-prescription of opioids across this country, including in this jurisdiction.

**Thrifty Payless**

2.41 Defendant Thrifty Payless, Inc. is a California corporation with its principal place of business in Camp Hill, Pennsylvania and is a subsidiary of Defendant Rite Aid Corporation.

2.42   At all times relevant to this Complaint, Thrifty Payless, Inc. was in the business of distributing and redistributing prescription opioids throughout the United States, including in this jurisdiction.

2.43   Thrifty Payless, Inc. and Rite Aid Corporation are referred to collectively as "Thrifty Payless."

2.44   Based on the private ARCOS data made available to Plaintiff, drugs sold and distributed by Thrifty Payless represent a substantial market share in Plaintiff's jurisdiction during the relevant time period.

2.45   Thrifty Payless's conduct thus directly caused the worst man-made epidemic in modern medical history—the misuse, abuse, and over-prescription of opioids across this country, including in this jurisdiction.

**Advantage Logistics**

2.46   Defendant Advantage Logistics is a privately-held business located in Oglesby, Illinois.

2.47   At all times relevant to this Complaint, Advantage Logistics was in the business of distributing and redistributing prescription opioids throughout the United States, including in this jurisdiction.

2.48   Based on the private ARCOS data made available to Plaintiff, drugs sold and distributed by Advantage Logistics represent a substantial market share in Plaintiff's jurisdiction during the relevant time period.

2.49   Advantage Logistics's conduct thus directly caused the worst man-made epidemic in modern medical history—the misuse, abuse, and over-prescription of opioids across this country, including in this jurisdiction.

**Albertsons LLC**

2.50    Defendant Albertsons LLC is a Delaware limited liability company with its principal place of business in Boise, Idaho.

2.51    At all times relevant to this Complaint, Albertsons LLC was in the business of distributing and redistributing prescription opioids throughout the United States, including in this jurisdiction.

2.52    Based on the private ARCOS data made available to Plaintiff, drugs sold and distributed by Albertsons LLC represent a substantial market share in Plaintiff's jurisdiction during the relevant time period.

2.53    Albertsons LLC's conduct thus directly caused the worst man-made epidemic in modern medical history—the misuse, abuse, and over-prescription of opioids across this country, including in this jurisdiction.

## COMMON FACTUAL ALLEGATIONS

3.    By checking the boxes in this section, Plaintiff hereby incorporates by reference to this document the common factual allegations set forth in the *Summit County* Pleadings as identified in the Court's Order implementing the Short Form procedure. Dkt. # 1282.

☒ Common Factual Allegations (Paragraphs 130 through 670 and 746 through 813)
☒ RICO Marketing Enterprise Common Factual Allegations  (Paragraphs 814-848)
☒ RICO Supply Chain Enterprise Common Factual Allegations  (Paragraphs 849-877)

4.    If additional claims are alleged below that were not pled in Plaintiff's Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations must be pleaded here.  Plaintiff asserts the following additional facts to support the claims identified in Paragraph 6 below (below or attached):

## CLAIMS

5. The following federal **RICO causes of action** asserted in the *Summit County* Pleadings as identified in the Court's implementing order and any subsequent amendments, Dkt. #1282, are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiff's Existing Complaint (check all that apply):

☒ First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt (the "RICO Marketing Defendants")) (*Summit County* Pleadings, Paragraphs 878-905)

☒ Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq.* – Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (*Summit County* Pleadings, Paragraphs 906-938)

6. Plaintiff asserts the following **additional claims** as indicated (below or attached):

_____
_____

7. To the extent Plaintiff wishes to **dismiss claims** previously asserted in Plaintiff's Existing Complaint, they are identified below and will be dismissed without prejudice.

_____
_____

WHEREFORE, Plaintiff prays for relief as set forth in the *Summit County* Pleadings in *In Re National Prescription Opiate Litigation* in the United States District Court for the Northern District of Ohio, MDL No. 2804 and in Plaintiff's Existing Complaint as has been amended herein.

Dated: October 8, 2019             /s/ *David J. Ko*
                                   *Attorney for Plaintiff*